UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN F. HALBLEIB,<br><br>　　Plaintiff,<br><br>v.<br><br>SELENE FINANCE, LP and<br>EXPERIAN INFORMATION SOLUTIONS, INC.<br><br>　　Defendants. | CIVIL ACTION 1:15-cv-11141<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES the Plaintiff, JOHN F. HALBLEIB ("Plaintiff"), by and through his attorneys, SULAIMAN LAW GROUP, Ltd., complaining of the Defendants, SELENE FINANCE, LP ("Selene"), and EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") (collectively, "Defendants") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking actual, statutory, punitive damages, attorney's fees and costs for Defendants' violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681, and actual and statutory damages for Selene's violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§1331 and 1337, because this action arises under the laws of the United States.

3. Venue in this district is proper pursuant to 28 U.S.C. §1391 because Plaintiff resides in this District and Defendants' conduct harmed Plaintiff in this District.

1

## PARTIES

4. Plaintiff is a consumer and natural person over 18 years of age who, at all times relevant, owned and resided at the property located at 27 W. 115th Street, Lemont, IL 60439 ("subject property").

5. Defendant Selene is a Texas corporation with its principal place of business located at 9990 Richmond Avenue, Suite 400 South, Houston, Texas 77042. Selene is a foreign company whose primary business is the collection of debts owed to others and servicing loans across the country, including the state of Illinois. Selene is a furnisher of credit information to the major credit reporting agencies, including Experian.

6. Defendant Experian is a corporation incorporated in the state of Ohio and is authorized to do business in the State of Illinois, and is registered with the Illinois Secretary of State. It has a registered agent located in Illinois. Experian is regularly engaged in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity.

## BANKRUPTCY CASE

7. On December 1, 2006, Plaintiff executed a mortgage and note in the amount of $620,000.00 ("subject debt" or "subject loan") in favor of Astoria Federal Savings ("Astoria") secured by the subject property.

8. On September 18, 2013, Plaintiff filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court, Northern District of Illinois, Case Number 13-36954 ("bankruptcy").

9. Schedule D of the bankruptcy petition listed the subject loan, a secured pre-petition debt to Astoria, in the amount of $958,049.00, secured by the subject property. *See* Exhibit A, a true and correct copy of Schedule D filed in Plaintiff's bankruptcy case.

10. On September 21, 2013, because Plaintiff listed Astoria as a creditor, the Bankruptcy Noticing Center ("BNC") served Astoria with notice of Plaintiff's bankruptcy filing. *See* Exhibit B, a true and correct copy of the BNC Certificate of Notice establishing service of the notice of filing upon Astoria.

11. On November 6, 2013, the 341 Meeting of Creditors was held.

12. On January 7, 2014, the Bankruptcy Court entered an Order of Discharge in Plaintiff's case of all dischargeable debts, including the subject debt. *See* Exhibit C, a true and correct copy of the Order of Discharge and BNC Certificate of Notice establishing service of the Order of Discharge upon Astoria and Experian.

13. The Order of Discharge expressly states:

> "The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor...." *Id.* at p. 2.

14. On January 9, 2014, the BNC served Astoria and Experian with the Order of Discharge. *Id.* at p. 3.

15. Pursuant to 11 U.S.C. §524, the Order of Discharge invoked the protections of the discharge injunction prohibiting any acts to collect upon the subject loan by Astoria or any other party.

16. On January 10, 2014, Plaintiff's bankruptcy case closed.

17. Plaintiff's personal liability on the subject debt was extinguished via his Chapter 7 discharge, thus terminating any business relationship with Astoria and its successors and assigns.

18. On August 29, 2014, Plaintiff received a Notice of Transfer of the subject loan to DLG Mortgage Capital, Inc. effective July 31, 2014. *See* Exhibit D, a true and correct copy of the notification of transfer of the subject loan to DLG Mortgage Capital, Inc.

19. On September 4, 2014, Plaintiff received a dunning letter from Selene stating, in pertinent parts:

> "As of 09/04/2014, our records show that the current amount of the debt securing the above referenced loan is $1,172,025.50. Your current payment amount is $5,943.78 which is due for 02/01/2011."
>
> "Selene Finance LP ("Selene") is collecting the debt on behalf of DLJ Mortgage Capital, Inc, and you may pay the debt to our office at the address indicated below."
>
> "Selene Financial LP is a debt collector attempting to collect a debt and any information obtained will be used for that purpose."

*See* Exhibit E, a true and correct copy of Selene's September 4, 2014 dunning letter to Plaintiff.

### CREDIT REPORTING AND PLAINTIFF'S CREDIT DISPUTE(S) TO EXPERIAN

#### a. Plaintiff's First Dispute to Experian

20. On August 31, 2015, to facilitate his fresh start, Plaintiff sent a written credit dispute letter ("first dispute") to Experian requesting that his credit file be updated to reflect a zero balance on all accounts discharged in his Chapter 7 bankruptcy. Plaintiff attached all relevant and supporting bankruptcy documents to his dispute. *See* Exhibit F, a true and correct copy of Plaintiff's first dispute to Experian.

21. Among other things, Plaintiff's dispute letter stated the following:

   a. "I am enclosing a copy of the Order Discharging debtor entered on 01/07/2014 in my Chapter 7 case;"
   b. "Please update the subject credit file(s) to reflect the discharged status of the debts;"
   c. "To the extent that any of the discharged debts are reporting anything other than a "0" balance, please consider this letter as a Dispute under the Fair Credit Reporting Act;"
   d. "Consequently, I am requesting you to immediately activate the Automated Dispute Resolution System program with respect to this written notice;"

4

  e. "In addition, it is my understanding that each of the above creditors is required to investigate my disputes upon receipt of notification from you of this information;" and

  f. "I request that you forward this letter, and the enclosures, to each the creditors listed above." *Id*

22. Plaintiff sent his first dispute to Experian via certified mail, return-receipt requested.

23. Upon information and belief, Selene received notice of Plaintiff's first dispute and enclosures from Experian within five days of Experian receiving Plaintiff's first dispute. *See* 15 U.S.C. §1681i(a)(2).

  **b. Experian's Response to Plaintiff's First Dispute Letter**

24. On September 15, 2015 Experian responded to Plaintiff's first dispute by correcting some of the accounts included in his bankruptcy and specifically stating that it "updated" the Selene trade line. However, the Selene trade line was not updated to reflect Plaintiff's bankruptcy discharge. *See* Exhibit G, a true and correct copy of Experian's response to Plaintiff's first dispute.

25. Despite Experian's representation that the Selene trade line was updated to reflect Plaintiff's discharge, the Selene trade line was still reporting the subject loan as having an account balance of $958,049.00 and a scheduled monthly payment amount of $5,943.00. *Id.* at p. 8.

26. The reporting of the Selene trade line is inaccurate because the subject loan was discharged in Plaintiff's bankruptcy and Plaintiff is no longer personally liable on the subject loan. Reporting an account balance and a scheduled monthly payment falsely implies that Plaintiff has a nearly seven figure financial obligation to Selene.

### c. Plaintiff's Second Dispute to Experian

27. On November 03, 2015, Plaintiff sent another dispute to Experian ("second dispute") requesting that his credit file be updated to reflect a zero balance and a discharged status on all accounts discharged in his bankruptcy. Plaintiff's second dispute specifically disputed the Selene trade line [**Account # 575000065 -** subject loan]. Plaintiff attached all relevant and supporting bankruptcy documents to his dispute. *See* Exhibit H, a true and correct copy of Plaintiff's second dispute to Experian.

28. Among other things, Plaintiff's second dispute stated the following:

   a. "I have received my discharge on 1/7/14 in my [bankruptcy case];"
   b. "I would like the subject credit file(s) to reflect my discharged status;"
   c. **"Specifically, I am disputing the: The account history in the Selene Finance LP, Acct # 575000065;"**
   d. "Please report a current balance and a monthly payment of "0"; and
   e. "Also, please report an accurate payment history on the accounts that have been discharged in my bankruptcy case;"
   f. "Please forward this letter, and the enclosures, to each creditor listed..." *Id.*

29. Plaintiff sent his second dispute to Experian via certified mail, return-receipt requested.

30. Upon information and belief, Selene received notice of Plaintiff's second dispute and enclosures from Experian within five days of Experian receiving Plaintiff's second dispute. *See* 15 U.S.C. §1681i(a)(2).

### d. Experian's Response to Plaintiff's Second Dispute Letter

31. On November 17, 2015 Experian responded to Plaintiff's second dispute and, again, stated the Selene account had been "updated." *See* Exhibit H, pg. 1, a true and correct copy of Experian's to Plaintiff's second dispute.

32. Despite Experian's representation that the Selene account was "updated," the Selene trade line was still reporting a balance of $958,049.00 and a scheduled monthly payment amount of $5,943.00. *Id.* at pgs. 7-8.

33. The reporting of the Selene trade line was still inaccurate because the subject loan was discharged in bankruptcy and Plaintiff was no longer personally liable on the subject loan. Reporting an inaccurate account balance and scheduled monthly payment amount falsely implies that Plaintiff has a nearly seven figure financial obligation to Selene.

### IMPACT OF CONTINUING INACCURATE REPORTING ON PLAINTIFF'S CREDIT FILES

34. As of today, the inaccurate reporting of the Selene account continues to paint a false and damaging image of Plaintiff. Defendants have yet to update the Selene account to accurately reflect the discharged status of the subject loan.

35. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff woebegone as to his ability to regain a firm foothold on his creditworthiness, credit standing, credit capacity, and his ability to move forward.

36. The inaccurate reporting of the subject debt continues to have significant adverse effect on Plaintiff's credit rating and his ability to obtain financing because it creates a false impression that the Selene account is due and owing, rendering Plaintiff a high risk consumer.

37. As a result of Selene's and Experian's conduct, actions, and inactions, Plaintiff has suffered an innumerable amount of damages as set forth herein, including specifically a significant impact on his credit worthiness, his credit ability, out-of-pocket expenses, the loss of credit capacity, the loss of ability to purchase and benefit from a credit line, certified mail expenses, anxiety, and further frustration and aggravation associated with writing dispute letters,

time and money expended meeting with attorneys, tracking the status of disputes, monitoring his credit file, and mental and emotional pain and suffering.

38. Moreover, Plaintiff has been denied credit as a result of Defendants' inaccurate reporting of the subject loan. *See* Exhibit J, a true and correct copy of Plaintiff's credit denial.

39. Due to the conduct of the Defendants, Plaintiff was forced to retain counsel to resolve the erroneous reporting of the subject loan.

## COUNT I - VIOLATION OF THE FAIR CREDIT REPORTING ACT
### (AGAINST SELENE)

40. Plaintiff restates and reallages paragraphs 1 through 39 as though fully set forth herein.

41. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(c) and (b).

42. Selene is a "person" as defined by 15 U.S.C. §1681a(b).

43. Selene is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

44. Selene violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation and reinvestigation from Experian on two separate occasions.

45. Selene violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information provided by Experian.

46. Had Selene reviewed the information provided by Experian, it would have corrected the inaccurate designation of the subject loan to Experian. Instead, Selene wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

47. Selene violated 15 U.S.C. §1681s-2(b) by failing to report that the Plaintiff disputed the subject debt.

48. Selene violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the inaccurate information on Plaintiff's files.

49. Selene violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of any reasonable investigation or reinvestigation of Plaintiff's disputes with Experian.

50. Selene violated 15 U.S.C. §1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation or reinvestigation to Experian after being put on notice and discovering inaccurate reporting with respect to the subject loan.

51. Selene violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable reinvestigation of its reporting of the subject loan, record that the information was disputed, or delete the inaccurate reporting from Plaintiff's credit file within 30 days of receiving notice of the disputes from Experian.

52. Selene violated 15 U.S.C. §1681s-2(b)(2) by failing to take the required action with respect to Plaintiff by the deadlines set forth in 15 U.S.C. §1681i(a)(1).

53. Despite the blatantly obvious errors on Plaintiff's credit files and Plaintiff's efforts to correct the errors, Selene did not correct the errors or trade line to report accurately and completely. Instead, Selene wrongfully furnished false and erroneous information that the subject loan was due and owing.

54. A reasonable investigation by Selene would have confirmed the veracity of Plaintiff's disputes, yet the inaccurate information continues to be reported on Plaintiff's credit file.

55. Had Selene taken steps to actually investigate Plaintiff's valid disputes or Experian's requests for investigation, it would have permanently corrected the inaccurate credit reporting. Plaintiff provided all relevant information in his requests for investigation. Furthermore,

Plaintiff's bankruptcy information is public record that is widely available and easily ascertainable.

56. By deviating from the standards established by the mortgage servicing industry and the FCRA, Selene acted with reckless disregard for its duty as a furnisher to report accurate and complete consumer credit information to Experian.

57. Selene willfully and knowingly confirmed and reported the inaccurate information on Plaintiff's credit reports to Experian, rendering Selene liable for punitive damages. 15 U.S.C. §1681n.

WHEREFORE, Plaintiff JOHN F. HALBLEIB, requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statutes;
b. Order the deletion or modification of all adverse credit reporting relating to the subject loan;
c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;
d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;
e. Award Plaintiff punitive damages, in an amount to be determined at trial, for each of the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;
f. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and
g. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT II - VIOLATION OF THE FAIR CREDIT REPORTING ACT
### (AGAINST EXPERIAN)

58. Plaintiff restates and realleges paragraphs 1 through 39 as though fully set forth herein.

59. Experian is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

60. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

61. Plaintiff provided Experian with all relevant information and documentation in his requests for investigation and reinvestigation to reflect that he obtained a discharge and is no longer liable for the subject debt.

62. Experian prepared Plaintiff's credit reports containing inaccurate information by reporting the subject loan as having a balance and a scheduled monthly payment amount, when in fact he had received a bankruptcy discharge and was not obligated to make monthly payments in relation to the subject loan and had no financial obligation to Selene.

63. A simple review of the documents submitted by Plaintiff would have confirmed that Plaintiff had obtained a discharge on the subject loan and no longer had a scheduled monthly payment obligation to Selene.

64. Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished regarding the Plaintiff.

65. Experian violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the erroneous information on Plaintiff's credit file.

66. Had Experian taken *any* steps to investigate Plaintiff's valid disputes, it would have determined that the subject debt was discharged in bankruptcy.

67. Instead, Experian sent Plaintiff correspondences stating that it had updated its records to reflect Plaintiff's bankruptcy discharge and, at the same time, willfully continued to report the inaccurate information.

68. Experian violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the subject debt.

69. Experian violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the incorrect information that was the subject of Plaintiff's disputes.

70. Experian violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from Selene that the information was complete and accurate, and without sending notices of the re-reporting to Plaintiff.

71. Moreover, after Plaintiff's written disputes, Experian had specific information related to Plaintiff's bankruptcy case and subsequent discharge because Plaintiff provided his Discharge Order along with his written disputes.

72. Experian knew that the inaccurate designation of the subject loan on Plaintiff's credit report under the Selene trade line indicating a high monthly obligation and a balance to Selene after his bankruptcy discharge would have a significant adverse affect on Plaintiff's credit worthiness and ability to receive a "fresh start" after bankruptcy.

73. The FCRA requires that the credit reporting bureaus implement procedures and systems to promote accurate credit reporting.

74. By deviating from the standards established by the credit reporting industry and the FCRA, Experian acted with reckless disregard for its duty to report accurate and complete consumer credit information.

75. It is Experian's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate and report it as disputed.

76. Experian's non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit file and reporting Plaintiff's credit information.

77. As a result of the conduct, actions, and inaction of Experian, Plaintiff has suffered various types of damages as set forth herein, including specifically, out-of-pocket expenses, the loss of credit ability, certified mail expenses, other frustration and aggravation associated with writing dispute letters, time and money expended meeting with his attorneys, tracking the status of his disputes, monitoring his credit file, and mental and emotional pain and suffering.

78. Moreover, Plaintiff has been denied credit as a result of Experian's erroneous reporting of the Selene trade line. *See* Exhibit J, a true and correct copy of denial of credit.

79. Experian's conduct was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

WHEREFORE, Plaintiff JOHN F. HALBLEIB, requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Order the deletion of all adverse credit reporting;
c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;
d. Award Plaintiff statutory damages of $1,000.00 for each of the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;
e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;
f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and
g. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (AGAINST SELENE)

80. Plaintiff restates and realleges paragraphs 1 through 39 as though fully set forth herein.

81. Plaintiff is a "consumer" as defined by FDCPA § 1692a(3).

82. The subject debt qualifies as a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction for personal, family, or household purposes.

83. Selene qualifies as a "debt collector" as defined by § 1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect delinquent consumer accounts.

84. Selene qualifies as a "debt collector" because it acquired rights to the subject loan after it was in default. 15 U.S.C. §1692a(6).

    a. **Violation of FDCPA § 1692e(8).**

85. Selene violated §1692e(8) by communicating false credit information to Experian that it knew, or should have known, to be false by falsely reporting the subject loan as having a balance and a monthly payment obligation. This information was false because the subject debt was discharged in bankruptcy and therefore should have been reporting with a $0 balance with no monthly payment obligation.

86. 15 U.S.C. §1692e(8) also requires a debt collector to disclose that a debt is disputed.

87. Selene violated §1692e(8) when it failed to designate its trade line as disputed.

88. Selene knew the subject debt was disputed because it received notices of Plaintiff's disputes from Experian, yet it failed to update its trade line to reflect the same.

WHEREFORE, Plaintiff JOHN F. HALBLEIB, requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award the Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award the Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k; and
d. Award any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

**Dated:** December 10, 2015  **Respectfully Submitted,**

/s/ Mohammed O. Badwan

Mohammed O. Badwan, Esq. ARDC#6299011
*Counsel for Plaintiff*
Sulaiman Law Group, LTD
900 Jorie Blvd, Ste 150
Oak Brook, IL 60523
Phone (630)575-8181
Fax: (630)575-8188